IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re:<br><br>JOSHUA CARIN<br>    Debtor. | Chapter 7<br><br>Case No.: 21-12418-MCR |
| STEVEN GREENFELD, CHAPTER 7, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA CARIN AND MOIRA GERONIMO-CARIN, AS JOINT TENANTS OR TENANTS BY THE ENTIRETY<br><br>    Defendants. | Adv. Pro. No. 23-00090 |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BETWEEN THE TRUSTEE, THE DEBTOR AND DEFENDANT MOIRA GERONIMO-CARIN**

COMES NOW, Steven Greenfeld, as Chapter 7 Trustee ("Trustee"), by counsel, Hirschler Fleischer, PC and, pursuant to Federal Rule of Bankruptcy Procedure 9019, files this Motion ("Motion") for Approval of Compromise and Settlement between the Trustee, Joshua Carin ("Debtor"), and the Debtor's wife Moira Geronimo-Carin ("Ms. Carin", and together with the Debtor, the "Carins"). In support of this Motion, the Trustee states to the Court as follows:

1. On April 13, 2021 (the "Petition Date"), the above-captioned debtor, Joshua Carin ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. On April 13, 2021, Steven Greenfeld was subsequently appointed as the Chapter 7 Trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. On April 11, 2023, the Trustee filed the above-captioned adversary complaint against the Carins (the "Adversary Proceeding").

5. The Adversary Proceeding claimed that on July 13, 2020, the Debtor transferred $110,461.92 in a share certificate account, that he inherited from his mother, to a joint savings account owned by the Carins as tenants by the entirety at Navy Federal Credit Union (the "Bank Account"). The Adversary Proceeding claimed that the Debtor's transfer was made just a few days after he received a litigation demand letter, and within two years of the Petition Date; and therefore, could be avoided and recovered by the Trustee pursuant to sections 544(b), 548(a)(1)(A), 548(a)(1)(B), and 550 of the Bankruptcy Code.

6. On May 16, 2023, the Carins filed a Motion to Dismiss the Adversary Proceeding, asserting that the funds in the Bank Account derived from funds that were payable upon death from the Debtor's mother's IRA, and therefore exempt under Maryland law.

7. On June 20, 2023, the Trustee filed against the Debtor a Motion (I) to Compel Debtor to Surrender and Turnover Property of the Estate Pursuant to Sections 521(a)(4) and 542(a) of the Bankruptcy Code, (II) to Require Debtor to Cooperate with an Inspection of his Property so the Trustee can Make a Full Accounting, and (III) for the Court to Determine the Debtor's Exemptions (the "Motion to Compel").

8. The Motion to Compel challenged the Debtor's disclosures, exemptions and valuations of his businesses, bank accounts, retirement accounts, and other property. On August 8, 2023, the Debtor filed a Response to the Motion to Compel, challenging the Trustee's ability to liquidate the businesses, asserting the various property was exempt as owned by the Carins as tenants by the entirety, and arguing that the objection to exemptions was untimely.

9. On November 10, 2023, the Trustee conducted an inspection of the Debtor's property, at the home of the Carins.

10. On September 19, 2023, the parties filed a Consent Motion to refer the Adversary Proceeding and the Motion to Compel to the Bankruptcy Dispute Resolution Program ("BDRP"). On October 19, 2023, the Court assigned these disputes, and another related adversary proceeding in this bankruptcy case to the BDRP and appointed the Honorable Thomas J. Catliota as the resolution advocate. Judge Catliota conducted mediation sessions on November 27, December 11, and December 29, 2023; and assisted the parties in reaching a settlement in all of the matters.

11. By this Motion, the Trustee seeks approval of the Settlement Agreement (hereinafter defined) between the Trustee, the Debtor, and Ms. Carin regarding the compromises in the Adversary Proceeding and the Motion to Compel that the parties reached at mediation with the assistance of Judge Catliota, and authorizing settlement pursuant to Bankruptcy Rule 9019.

12. Subject to approval by this Court, the parties have agreed to settle their disputes according to the terms of the Settlement Agreement ("Settlement Agreement") attached hereto as Exhibit A, which is summarized as follows:

    a. The Trustee will accept a total cash payment of $66,000 in complete satisfaction of the Adversary Proceeding, of which $60,000 is currently being held by Carins' counsel in escrow and $6,000 is held by the Trustee from the prior sale of property in which the Debtor had an exemption interest.

  b. The Trustee will accept the turnover of an antique French mantel clock and a total cash payment of $86,250, which is currently being held by Carins' counsel in escrow, in complete satisfaction of his claims in the Motion to Compel.

  c. The settlement is contingent upon Court approval of this motion.

  d. The $146,250 held by Defendants' counsel in escrow will be paid to the Trustee five (5) days after the order approving settlement is a final order.

  e. The Settlement Agreement includes mutual releases.

13. This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between parties. *See St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

14. When determining whether a particular settlement is "in the best interests of the estate," a court must consider the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (D. Md. 2001).

15. The Settlement Agreement is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. This settlement achieves a recovery to the estate of at least $152,250, and combined with $136,912 in settlements the Trustee secured in a related adversary proceeding against the Debtor and other family members, results in a combined recovery of nearly $300,000, which is a significant and fair result given the

various defenses raised by the Carins. In addition, the settlement eliminates the inherent risks, delays and attorneys' fees and costs associated with the litigation.

16. The Trustee believes that the Settlement Agreement falls well within the range of reasonableness, is in the best interest of the estate and its creditors, and should be approved.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper.

Date: March 5, 2024

Respectfully submitted,

*/s/ David I. Swan*
Lawrence A. Katz (Md. Fed. #02526)
David I. Swan (Md. Fed. # 28785)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: 703.584.8900
Facsimile: 703.584.8901
E-mail: lkatz@hirschlerlaw.com
         dswan@hirschlerlaw.com

*Special Counsel for Steven Greenfeld, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, a copy of the Motion for Approval of Compromise and Settlement Between the Trustee and the Defendants was served electronically by the Court's CM/ECF system on the following:

- **Elizabeth Marian Abood-Carroll**   ANHSOrlans@InfoEx.com, ecfaccount@orlans.com
- **Richard L. Costella**   rcostella@tydings.com, jmurphy@tydings.com
- **Alan D. Eisler**   aeisler@e-hlegal.com, mcghamilton@gmail.com
- **Diane Elizabeth Feuerherd**   DEFeuerherd@mmcanby.com
- **Stuart Ryan Goldberg**   sgoldberg@bakerdonelson.com
- **Jonathan W. Greenbaum**   jg@coburngreenbaum.com
- **Steven H Greenfeld**   trusteegreen@cohenbaldinger.com, sgreenfeld@ecf.axosfs.com
- **Steven H. Greenfeld**   steveng@cohenbaldinger.com
- **Matthew H Johnson**   Matthew.Johnson3@montgomerycountymd.gov, theresa.hampl@montgomerycountymd.gov; gessesse.teferi@montgomerycountymd.gov; patricia.kane@montgomerycountymd.gov
- **Donna Ellen McBride**   dmcbride@mmcanby.com
- **Jeffrey Rhodes**   jrhodes@tlclawfirm.com

I further hereby certify that on March 5, 2024, a copy of the Motion for Approval of Compromise and Settlement Between the Trustee and the Defendants was sent by first class mail, postage prepaid, upon the Defendants and upon the parties on the attached "Service List":

> Joshua Carin
> 17523 Moore Road
> Boyds, MD 20841
>
> Moira Geronimo-Carin
> 17523 Moore Road
> Boyds, MD 20841

> */s/ David I. Swan*
> David I. Swan (Md. Fed. # 28785)

# **SERVICE LIST**

Amex
PO Box 1270
Newark, NJ 07101-1270

Dusan and Dana Stamenkovic
8109 Postoak Road
Potomac, MD 20854

Earth Friendly Market, LLC
17523 Moore Road
Boyds, MD 20841

Comptroller of Maryland
Bankruptcy Unit
301 W. Preston Street, Room 409
Baltimore, MD 21201

Eric Goldberg
9510 Persimmon Tree Road
Potomac, MD 20854

Farm Credit
925 N. East Street
Frederick, MD 21701-4600

Gessee Teferi
Associate County Attorney
101 Monroe Street
Rockville, MD 20850

Great and Small Therapeutic Riding
17320 Moore Road
Boyds, MD 20841

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Keith Miller
101 Monroe Street, Suite 410
Rockville, MD 20850

Montgomery County Revenue Authority
101 Monroe Street, Suite 410
Rockville, MD 20850

Maryland Economic Development Corp.
c/o Capstone On-Campus Mgmt. LLC
4250 Lehigh Road, Suite 1101
College Park, MD 20740

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119-3000

NFCU Visa
PO Box 3500
Merrifield, VA 22119-3500

Patricia Lisehora Kane
Chief Litigation Division
101 Monroe Street, 3rd Floor
Rockville, MD 20850

Rebecca Carin
17523 Moore Road
Boyds, MD 20841

Stephanie Tsacoumis
Peeble Beach Associates, LLC
720 Peeble Beach Drive
Silver Spring, MD 20904

SunTrust
PO Box 791274
Baltimore, MD 2129-1274

SunTrust Bank now Truist Bank
Attn:  Support Services
PO Box 85092
Richmond, VA 23285-5092

TD BankNorth NA
70 Gray Road
Falmouth, ME 04105-2299

Taxing Authority of Montgomery County
Division of Treasury
255 Rockville Pike, Ste. L-15
Rockville, MD 20850

Jeanette Rice, Assistant US Trustee
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2226